I must respectfully disagree with the majority's disposition of this appeal. The issue is not, as the majority posits (Maj. Opn. at 5), "whether the terms and conditions of Glaude's parole could be altered by the October 4, 1996 amendment to R.C. 2921.01 (E)." As I see it, the issue is whether the legislature can, by amending a statute, make the crime of escape applicable to parolees released prior to the amendment. I believe it can. The issue of whether the defendant violated the conditions of his parole is not before us; whether he committed a crime is. The arguments that the majority advances are not persuasive.
In the first place, there is no retrospective application of the amended statute. (Maj. Opn. at 6). The legislature made the crime of escape applicable to parolees effective October 4, 1996. The statute was only applied to defendant's conduct which occurred after that date. E.g., Claude failed to report to his parole officer ten times between December 12, 1996 and March 10, 1997. All Claude's criminal acts constituting escape occurred after amendment to the statute. There is no retroactive application of the law. Even the majority concedes there is no ex post facto unconstitutionality. "It is readily apparent that neither statute would have been applied retroactively to conduct occurring prior to their respective effective dates, so neither statute would violate the ex post facto clause." (Maj. Opn. at 10).
Secondly, the majority seems to base its decision on the notion that the terms and conditions of defendant's parole are negotiable, like arms-length agreements between normal contracting parties. Thus, the majority concludes that "the terms and conditions of Claude's parole were controlled by the state law that was in effect when Claude and the state came to terms." (Maj. Opn. at 7). However, one of the statutory conditions of defendant's parole was that he "abide by the law." R.C. 2967.131. For that reason, it does not matter that "nothing in the record suggests that Claude had any notice that his relation with the state may have been substantively altered by the amended legislation." (Maj. Opn. at 8). "It is an ancient maxim that all are conclusively presumed to know the law." State v. Pinkney
(1988), 36 Ohio St.3d 190, 198. Further, "* * * except with regard to constitutional protections against ex post facto laws * * * felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." Statev. Cook (1998), 83 Ohio St.3d 404, 412.
In any event, it is not too much to expect parolee Claude to observe the laws in effect from time to time while he is on parole. I am sure that there are many sexually oriented defendants who did not know that, after they pled guilty to their crimes, the legislature would enact new laws allowing them to be designated as sexual predators and subject to criminal penalties for failure to register. Nevertheless, the Supreme Court has found no constitutional difficulty in upholding that new statutory scheme despite the change in the terms and conditions from the original plea agreement. Cook, supra.
I would affirm the defendant's conviction.